

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-1-2006

# Consol Coal Co v. Dist 2 UMWA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2342

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Consol Coal Co v. Dist 2 UMWA" (2006). *2006 Decisions.* Paper 1491.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1491

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 05-2342

———————

CONSOLIDATION COAL COMPANY

v.

DISTRICT 2, UNITED MINE WORKERS OF AMERICA;
LOCAL 1983, UNITED MINE WORKERS OF AMERICA,
Appellants

———————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
D.C. Civil 03-cv-01704
District Judge:  The Honorable Terrence F. McVerry

———————

Argued:  February 14, 2006

———————

Before: SCIRICA, Chief Judge, BARRY and FISHER, <u>Circuit Judges</u>

———————

(Opinion Filed March 1, 2006)

———————


Michael J. Healey, Esq. (Argued)
Healey & Hornack
1100 Liberty Avenue
The Pennsylvania, Suite C-2
Pittsburgh, PA 15222

<u>Counsel for Appellants</u>

Michael D. Glass, Esq. (Argued)
Polito & Smock
444 Liberty Avenue
Suite 400, Four Gateway Center
Pittsburgh, PA 15222

<u>Counsel for Appellee</u>

---

OPINION

---

BARRY, <u>Circuit Judge</u>

District 2 and Local 1980 of the United Mine Workers of America ("UMWA")

appeal the order of the District Court vacating an arbitrator's award of benefits to Thomas

R. Zajac, a coal miner for Consolidation Coal Company ("Consol") and a member of

UMWA. We will reverse.[1]

**I.**

Consol, a private company, is in the business of operating bituminous coal mines

in western Pennsylvania. Consol and UMWA are signatories to the National Bituminous

Coal Wage Agreement ("NBCWA") of 2002,[2] which provides a detailed grievance

procedure, the final step of which is binding arbitration. On May 9, 2001, Zajac struck

---

[1] The District Court exercised subject matter jurisdiction pursuant to Section 301(a) of the Labor Management Relations Act of 1947, 29 U.S.C. § 185(a). We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

[2] The parties are also signatories to the 1998 NBCWA, which is identical in all pertinent respects to the 2002 agreement.

his head while working in a mine.[3]  He submitted a Sickness and Accident claim pursuant to the NBCWA, which was approved, permitting him to be out of work for up to 52 weeks.  Zajac returned to work on June 19, 2002.  Two days later, he again struck his head, this time on the roof of the mine.  He again sought Sickness and Accident Benefits pursuant to the NBCWA,[4] a request Consol denied.

Pursuant to the NBCWA, Zajac filed a grievance contending that Consol improperly denied him benefits, and the parties proceeded to arbitration.  An arbitrator sustained the grievance on October 15, 2003, concluding that the June 21, 2002 injury "was not a reoccurrence of the previous injury."  Consol filed suit in the District Court.  On March 28, 2005, the District Court adopted a magistrate judge's Report and

---

[3] Zajac reported head and neck injuries he sustained on two previous dates, August 25, 1999 and March 19, 2001.  The August 25, 1999 injury resulted from a fall out of a Jeep.  Zajac filed a worker's compensation claim, but, despite his injury, missed no work.  On March 19, 2001, he struck his head while on the job.  Again, he did not miss any work.

[4] The NBCWA provides in pertinent part:
> If an Employee returns to work after receiving Sickness and Accident Benefits for less than the maximum number of weeks to which he is entitled, and is then absent again within 90 days due to the same sickness or accident which disabled him originally, there shall be no waiting period for benefits payable during the remaining weeks of his eligibility but the period during which he again receives benefits will be considered with the first period as one continuous period of disability.  If the second absence results from a different sickness or accident, the first absence does not affect the duration of benefits for which the Employee shall be eligible for the second absence.  If the Employee returns to work for 90 calendar days between the two periods of disability, the second period shall not be considered as being due to the same sickness or accident as the first disability.

(NBCWA Art. XI(c), JA 40.)

3

Recommendation that the award of benefits be vacated, and granted Consol's motion for summary judgment. UMWA appealed.

## II.

Our "scope of . . . review . . . is an exceedingly narrow one." *Kane Gas Light & Heating Co. v. Int'l Bhd. of Firemen & Oilers, Local 112*, 687 F.2d 673, 675 (3d Cir. 1982). As the Supreme Court stated in *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593 (1960), "[t]he refusal of courts to review the merits of an arbitration award is the proper approach to arbitration under collective bargaining agreements." *Id.* at 596. "[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987).

With that said, arbitral awards may be upset in limited circumstances. Although "[t]here is a need for flexibility in meeting a wide variety of situations . . ., an arbitrator is confined to interpretation and application of the collective bargaining agreement; he does not sit to dispense his own brand of industrial justice." *Enterprise Wheel*, 363 U.S. at 597; *Major League Baseball Players Assoc. v. Garvey*, 532 U.S. 504, 509 (2001) (per curiam). An arbitrator's award must "draw[] its essence from the collective bargaining agreement." *Nat'l Ass'n of Letter Carriers v. United States Postal Serv.*, 272 F.3d 182, 185 (3d Cir. 2001). Moreover, "if an examination of the record before the arbitrator reveals no support whatever for his determinations, his award must be vacated." *NF & M*

4

*Corp. v. United Steelworkers of America*, 524 F.2d 756, 760 (3d Cir. 1975).

The evidentiary question is simply whether there is *any* support for an arbitration award. Here, "[a]lthough the support is slender, the record reveals some basis for the arbitrator's conclusion" that the injury on June 21, 2002 entitled Zajac to benefits under the NBCWA. *Tanoma Mining Co. v. Local Union No. 1269, UMW*, 896 F.2d 745, 748 (3d Cir. 1990). Zajac had returned to work and had been able to perform his job for two days prior to striking his head. He testified before the arbitrator regarding his injury and was found credible. His June 21st injury was, in the words of the NBCWA, a "different sickness or accident" or, as the arbitrator described it, a "new injury." JA29.

Consol's "position, simply put, is that the arbitrator committed grievous error." *Misco*, 484 U.S. at 39. But "[n]o dishonesty is alleged; only improvident, even silly, factfinding is claimed. This is hardly a sufficient basis for disregarding what the agent appointed by the parties determined to be the historical facts." *Id.* The arbitral award here passed, albeit barely, "the minimum rationality threshold." *Brentwood Med. Assoc. v. UMW*, 396 F.3d 237, 243 (3d Cir. 2005). We are not empowered to pass judgment on the wisdom of the arbitrator's conclusion. *See id.* at 242 n.6.

## III.

"Only rarely, and in the most compelling circumstances, will a federal court tinker with an arbitral award made under the aegis of a collective bargaining agreement. This case presents no such unusual occasion." *El Dorado Technical Services v. Union General de Trabajadores de Puerto Rico*, 961 F.2d 317, 318 (1st Cir. 1992). We will,

5

therefore, reverse the order of the District Court and remand with instructions to confirm the arbitration award.